VERDI v. LA RUSSO et al.

(City Court of New York, Special Term. August 9, 1912.)

EXECUTION (§ 417*)—SUPPLEMENTARY PROCEEDINGS—CONTEMPT.

Where judgment debtors knew that chattel property was in the hands of a receiver in supplementary proceedings, and were present and assumed control of it when an auctioneer deprived the receiver of its possession, they were guilty of an overt act which would justify their punishment for contempt.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1197–1200; Dec. Dig. § 417.*]

Application by Michael A. Verdi to punish for contempt Guiseppe La Russo and others. Guilty.

Brande & Weber, of New York City, for judgment creditors.
Guido J. Giudici, of New York City, for judgment debtor.

SCHMUCK, J. This is an application to punish the judgment debtors and one Charles I. White for a contempt of court because of their unwarranted interference with the receiver of the debtors. Upon the argument counsel for the debtors insisted that the debtors were not present when the property was taken from the receiver, and that all three charged with the dereliction hereinbefore specified did not knowingly commit any overt act. His vehemence, and the seemingly convincing assurance which animated him, compelled an examination of witnesses under oath. The result of the examination was to entirely destroy the force of counsel's statements on the argument. The testimony disproved the contention that the judgment debtors were not

present during the high-handed proceedings whereby the auctioneer deprived the receiver of possession of the chattels. It likewise clearly established that all knew of the receiver's connection with the property.

The only conclusion possible from the evidence was that the parties sought to be punished, regardless of and in violation of the rights of the receiver, contumaciously assumed control of the property. There can be no question of the deliberateness and willfulness of their conduct. To lend the slightest aid to them, or to give the slightest credence to their professed contrition, would be evidence of unpardonable clemency. They are found guilty of contempt, and, as the papers and the examination herein indicate that by their contempt and unlawful interference the judgment creditor has been seriously hindered in his remedy, if not entirely defeated therein, they are fined the full amount of the judgment, besides $30 costs of these proceedings. If the property taken from the receiver is returned to him intact, and in the same condition as it was when taken away, this fine will be remitted. Payment of the fine, if the property is not returned, must be made within 30 days after service of a copy of the order herein. Failure to comply with the directions hereby given will lead to the issuance of a commitment.

Let an order in accordance with section 773 of the Judiciary Law (Consol. Laws 1909, c. 30) be submitted.